```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
MICHAEL WESLEY FRIERSON-HARRIS, Ph.D.,    :
a/k/a MICHAEL WESLEY HARRIS, Ph.D.,       :
                                         :
                    Plaintiff,           :    05 CIV. 3077 (DLC)
                                         :
          -v-                            :    OPINION & ORDER
                                         :
Joseph C. Hough, Jr., Ph.D., as an       :
Individual and as a Co-Conspirator,      :
L. Robert Batterman, Esq., as an         :
Individual and as a Co-Conspirator,      :
Eugene Eisner, Esq., as an Individual and:
as a Co-Conspirator,                     :
David E. Frazer, Esq., as an Individual  :
and as a Co-Conspirator,                 :
John F. Fullerton, III, Esq., as an      :
Individual and as a Co-Conspirator,      :
Euan K. Cameron, Ph.D., as an Individual :
and as a Co-Conspirator,                 :
David M. Carr., Ph.D., as an Individual  :
and as a Co-Conspirator,                 :
Ana Maria Diaz-Stevens, Ph.D., as an     :
Individual and as a Co-Conspirator,      :
John A. McGuckin, Ph.D., as an Individual:
and as a Co-Conspirator,                 :
Christopher L. Morse, Ph.D., as an       :
Individual and as a Co-Conspirator,      :
Ann B. Ulanov, Ph.D., as an Individual   :
and as a Co-Conspirator,                 :
Janet R. Walton, Ed.D., as an Individual :
and as a Co-Conspirator,                 :
Randall H. Balmer, Ph.D., as an          :
Individual and as a Co-Conspirator,      :
Michael Maloney, as an Individual and as :
a Co-Conspirator,                        :
Nick Zuhusky, as an Officer of Despatch  :
Moving and Storage Company, Inc., as an  :
Individual and as a Co-Conspirator, and  :
Despatch Moving and Storage Company,     :
Inc.,                                    :
                    Defendants.          :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:
Michael Wesley Frierson-Harris, pro se
301 Cathedral Parkway
Apartment 6E
New York, NY 10026

For Defendant L. Robert Batterman:
Howard Z. Robbins
Proskauer Rose LLP
1585 Broadway
New York, New York 10036-8299

For Defendant Eugene Eisner:
Sally Otos
250 West 99th Street
New York, New York 10025

DENISE COTE, District Judge:

Pro se plaintiff Michael Wesley Frierson-Harris, Ph.D. ("Harris"), a former professor at Union Theological Seminary ("Seminary"), brought this civil rights action against Seminary President Joseph C. Hough, Jr., Ph.D. ("Hough"); seven Seminary professors; Seminary attorneys L. Robert Batterman ("Batterman") and John F. Fullerton, III ("Fullerton"); attorneys David Frazer ("Frazer") and Eugene Eisner ("Eisner"), who once represented Harris; a Barnard College professor; an employee of the firm that managed Seminary buildings; a moving company retained by the Seminary; and the moving company's owner. Harris filed his original Complaint on March 21, 2005, his First Amended Complaint on July 27, 2005, and his Second Amended Complaint on May 5, 2006. This Opinion grants Batterman's motion for summary

2

judgment, filed on October 5, 2007, and Eisner's motion for summary judgment, filed on October 17.  With this decision, all of Harris's claims have been dismissed.

BACKGROUND

The lengthy procedural history of this case is described in an Opinion and Order of August 24, 2007.  Frierson-Harris v. Hough, No. 05 Civ. 3077, 2007 WL 2428483 (S.D.N.Y. Aug. 24, 2007) ("August 2007 Opinion").  Familiarity with the August 2007 Opinion and all of the preceding opinions in this case is presumed.  See Frierson-Harris v. Hough, No. 05 Civ. 3077, 2007 WL 1343843 (S.D.N.Y. May 8, 2007) ("May 2007 Opinion") (denying motion for reconsideration of rulings on motion to dismiss Second Amended Complaint); Frierson-Harris v. Hough, No. 05 Civ. 3077, 2006 WL 3511881 (S.D.N.Y. Dec. 5, 2006) ("December 2006 Opinion") (dismissing claims against defendants Maloney, Zuhusky, Despatch, and Balmer); Orders of December 5, 2006 (granting in part motions to dismiss); Frierson-Harris v. Hough, No. 05 Civ. 3077, 2006 WL 298658 (Feb. 7, 2006) ("February 2006 Opinion") (granting motions to dismiss original Complaint's claims against Batterman and Fullerton); Order of February 7, 2006 (granting motion to dismiss original Complaint's claims against Frazer).

Batterman's motion to dismiss the Second Amended Complaint was granted in part by an Order of December 5, 2006. The motion to dismiss was denied with respect to the claim against Batterman brought pursuant to New York State Human Rights Law § 296(6), and judgment was reserved on the claim against Batterman brought pursuant to 42 U.S.C. § 1981. Batterman answered the Second Amended Complaint on June 28, 2007. Contrary to Harris's contention in opposing the motions for summary judgment, Batterman admitted virtually none of the factual allegations in the Second Amended Complaint.

Eisner did not file or join in a motion to dismiss Harris's Second Amended Complaint. Eisner answered the Second Amended Complaint on July 5, 2006, denying most of the factual allegations. All of the claims that Harris pled against Eisner therefore remain pending. Construed liberally, the Second Amended Complaint brings claims against Eisner under the following statutes: 43 U.S.C. § 1985(2) and (3) and 22 N.Y. Comp. Codes R. & Regs. § 1200.3., a section of the New York Code of Professional Responsibility Disciplinary Rules.[1]

---

[1] Eisner also suggests in his memorandum that the first count of the Second Amended Complaint may state a violation of § 1983 and "is so general that it could be read as alleging a § 1981 claim against all defendants." "Count I," however, is titled "Common Factual Allegations" and contains facts that appear intended as support for the claims in Counts II and III. Even if the Second Amended Complaint were read to allege § 1981 and § 1983 claims against Eisner, these claims would fail for lack of evidence.

Batterman and Eisner did not file timely motions for summary judgment. In the August 2007 Opinion, summary judgment was granted in full to the Seminary Defendants, leaving Batterman and Eisner the only defendants remaining in this action. By letter dated September 10, Batterman requested permission to move for summary judgment. This request was denied because it was not properly supported. Batterman renewed his request by letter dated September 20, and permission was granted by Order of September 24. By letter dated October 8, Eisner requested that the claims against him be dismissed. By Order dated October 9, he was granted permission to file a late motion for summary judgment. Batterman's and Eisner's motions for summary judgment were fully submitted on December 14.

The facts underlying this case were recited in the August 2007 Opinion. Because Frierson-Harris had received notice of and had acknowledged his obligation to submit evidence pursuant to Rule 56.1 of the Local Rules of Civil Procedure and Rule 56 of the Federal Rules of Civil Procedure, and because he had failed to submit a Local Rule 56.1 statement or any evidence, the August 2007 Opinion treated all of the Seminary defendants'

---

As relevant to a § 1983 claim, there is no evidence that Eisner was a state actor or conspired or cooperated with a state actor to deprive Harris of his constitutional rights. See February Opinion, 2006 WL 298658, at *4-5. A § 1981 claim against Eisner would fail for the same reasons that the § 1981 claim against Batterman fails. See infra.

Rule 56.1 assertions as true to the extent that they were supported by the defendants' evidentiary submissions. Frierson-Harris, 2007 WL 2428483, at *1-2. The Order of September 24, 2007 which set an initial schedule for Batterman's motion for summary judgment, reminded Harris of his obligations under Local Rule 56.1 and Rule 56 of the Federal Rules of Civil Procedure. He has nevertheless failed to contest any particular facts set forth in the defendants' Rule 56.1 statements or to provide any evidence in support of his opposition to the motions for summary judgment. The facts asserted in Eisner's, Batterman's, and the Seminary Defendants' Local Rule 56.1 statements will therefore be considered as true for purposes of the present motions to the extent that they are supported by the defendants' evidentiary submissions. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 211 n.3 (2d Cir. 2001).

I.   Batterman

Batterman, a partner at the law firm Proskauer Rose LLP, has served as outside labor counsel to Union Theological Seminary (the "Seminary") for over 25 years. The Seminary consulted Batterman regarding Harris's 1998 housing grievance, in which Harris requested that he and his family receive a new housing assignment. Batterman provided legal advice to the Seminary regarding the drafting of the December 1998 agreement, which resolved that grievance and assigned the Harris family to

6

apartment 4W in Knox Hall ("Knox 4W").  Batterman did not have decision-making authority regarding the choice of apartment or any other substantive provision of the December 1998 agreement.

In 2002, after the Seminary decided to lease out Knox Hall to address its financial crisis, Hough, and not Batterman, drafted the Reassignment Procedures to be used for faculty housed in Knox Hall.  When he learned that Harris was refusing to move out of his Knox Hall Apartment as requested by the Seminary, Batterman advised the Seminary regarding its drafting of letters to Harris, which informed him that he would be assigned to other housing if he did not accept the apartment that had been offered him in McGiffert Hall.  Batterman was not, however, involved in the Seminary's decision regarding the choice of McGiffert Hall.  He was similarly not involved in the following decisions by the Seminary Defendants:  the decision to move Harris and his family to the only other available apartment, apartment 219 in Hastings Hall ("Hastings 219"); the decisions regarding the removal, storage, or disposition of the property that Harris had left in the hallway outside his apartment after being moved to Hastings 219; and the decision to issue a Petition for Harris's dismissal or to terminate Harris's employment.

II.  Eisner

Eisner is the principal attorney in the law firm Eisner and Associates, P.C.  He did not work for Harris prior to February 2004.  On February 6, 2004, Harris engaged Eisner to pursue an appeal of the lawsuit he had brought in New York State Supreme Court against the Seminary's Board of Directors pursuant to N.Y. C.P.L.R. Article 78.  Acting on Harris's behalf, Eisner filed a Notice of Appeal with the New York State Appellate Division on February 24.  On or about March 9, he filed a motion in the Appellate Division requesting a stay of the eviction proceeding that the Seminary had brought against Harris.  The Appellate Division deferred this stay to the Appellate Term, which reviews decisions by the New York Civil Court, Housing Part, in which the Seminary had filed the eviction suit.

Eisner advised Harris to accept the Seminary's offer of a voluntary move to McGiffert Hall apartment 321 ("McGiffert 321"), explaining that he could do so while preserving his rights to appeal his Article 78 case as well as the eviction proceeding against him.  Harris did not accept this advice and instead wrote his own reply to the Seminary's offer of McGiffert 321 and refused to move to that apartment.

On March 10, 2004, Eisner spoke by telephone with Batterman, who was speaking on behalf of the Seminary.  They agreed to extend the eviction date from March 10 to March 16.

8

In a letter dated May 24, Harris instructed Eisner, "From today forward and until further notice, please take no steps to perfect the appeal or to represent me in any appellate matters." He further instructed Eisner to disregard communications from Proskauer Rose LLP or other counsel regarding matters between Harris and the Seminary until further notice from Harris. Harris enclosed a check for $50, part of his outstanding bill to Eisner.  Eisner ceased representing Harris after May 24.  Eisner did not represent Harris in any of the eviction proceedings and did not participate in the Seminary's decisions regarding housing assignments.  Harris has not paid Eisner the remainder of his legal bill.

DISCUSSION

 Batterman and Eisner have filed a motion for summary judgment on all of the remaining claims in this action:  the § 1981 claim and Human Rights Law § 296(6) claims against Batterman and the § 1985(2) and (3) and 22 N.Y.C.R.R. 1200.3 claims against Eisner.  Their motions are granted with respect to all of the claims.

 I. Batterman

 The law governing § 1981 claims is summarized in the August 2007 Opinion. <u>Frierson-Harris</u>, 2007 WL 2428483, at *6-7.  As with respect to the § 1981 claim against Hough, Harris has

9

failed to make out a prima facie case of discrimination.  Harris has not provided evidence of any adverse action taken or aided by Batterman.  See id. at *7.  He has also not proffered evidence that any of the actions of which he complains occurred under circumstances giving rise to an inference of racial discrimination.  See id. at *7.

The law governing claims pursuant to Section 296(6) of the New York Human Rights Law is summarized in the February 2006 Opinion.  Frierson-Harris, 2006 WL 298658, at *8.  Even if it is assumed that non-employers may under some circumstances be held liable under this statute for aiding and abetting employment discrimination, this claim would fail.  The record contains no evidence that the adverse actions by Harris's employer were motivated by unlawful discrimination.  See Frierson-Harris, 2007 WL 2428483, at *7 (August 2007 Opinion).  Summary judgment is granted on both claims against Batterman.

   II.  Eisner

The claims against Eisner similarly fail on this record.  The standards governing § 1985(2) and (3) claims are discussed in the February 2006 Opinion and the August 2007 Opinion.  Id. at *8; Frierson-Harris, 2006 WL 298658, at *5.  The § 1985 claims against Eisner fail for the same reason as those against the Seminary defendants failed:  there is no evidence that could reasonably establish an agreement of the defendant and others to

10

achieve unlawful ends. See Frierson-Harris, 2007 WL 2428483, at *8 (August 2007 Opinion).

Count V of the Second Amended Complaint alleges that Eisner, along with Batterman, Fullerton, and Frazer, violated 22 N.Y. Comp. Codes R. & Regs. § 1200.3. This section of the New York Code of Professional Responsibility Disciplinary Rules describes attorney misconduct. It does not give rise to a private cause of action. Shapiro v. McNeil, 92 N.Y.2d 91, 97 (1998).

CONCLUSION

For the foregoing reasons, summary judgment is granted in full to defendants Eisner and Batterman. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         December 21, 2007

_____
DENISE COTE
United States District Judge

COPIES SENT TO:

Dr. Michael Wesley Frierson-Harris
301 Cathedral Parkway
Apt. 6E
New York, NY 10026

A. Michael Furman
Jeffrey Keliner
Kaufman Borgeest & Ryan LLP
99 Park Avenue
New York, NY 10016

Howard Z. Robbins
Proskauer Rose LLP
1585 Broadway
New York, NY 10036-8299

James Edward Carroll
C. Alexa Abowitz
Cetrulo & Capone, LLP
Two Seaport Lane
Boston, MA 02210

Sally Otos
Law Office of Sally Otos
250 West 99th Street #4C
New York, NY 10025

Magistrate Judge Ellis